```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
              DALLAS DIVISION
```

BILL J. CROWELL, JR.,              §
INDIVIDUALLY, AND D/B/A            §
CONCEAL CITY LLC, et al.,          §
                                   §
              Plaintiffs,          §
                                   § Civil Action No. 3:10-CV-2506-D
VS.                                §
                                   §
LOOPER LAW ENFORCEMENT, LLC        §
D/B/A LOOPER LAW ENFORCEMENT       §
SUPPLY, et al.,                    §
                                   §
              Defendants.          §

## MEMORANDUM OPINION AND ORDER

Defendants' motions to dismiss present the questions whether the court has subject matter jurisdiction, whether service of process was sufficient, and whether it can exercise *in personam* jurisdiction over two defendants. Concluding that one plaintiff lacks standing but that the other plaintiff has standing, that service of process was sufficient, and that the court can exercise *in personam* jurisdiction, the court grants in part and denies in part the motions to dismiss for lack of subject matter jurisdiction and denies the motions to dismiss for insufficient service of process and lack of personal jurisdiction. The court also denies two defendants' motion to abate, and it directs that defendants file within 21 days of the date of this memorandum opinion and order their materials in response to plaintiffs' motion for a preliminary injunction.

I

This is an action by plaintiffs Bill J. Crowell ("Crowell"), individually and d/b/a Conceal City, LLC, and Conceal City, L.L.C. ("Conceal City") against defendants Looper Law Enforcement, LLC, d/b/a Looper Law Enforcement Supply ("Looper Law Enforcement") and Looper Leather Goods Co., Inc. (collectively, the "Looper defendants"), and Steve A. Wiesner ("Steve") and Michael S. Wiesner ("Michael"), alleging claims for patent infringement, false marking, unfair competition, and civil conspiracy. The parties' dispute concerns the design, manufacture, and distribution of a holster designed to conceal items like guns, pagers, and cell phones.

Steve invented the holster and obtained U.S. Patent. No. 5,570,827 (the "'827 patent").[1] He entered into an agreement with the Looper defendants to produce the holster, supplying them with dies and other implements. In turn, Steve purchased the holsters from the Looper defendants before marketing and selling them under the name "Pager Pal." Steve registered "Pager Pal" under United

---

[1] The court recounts the facts favorably to plaintiffs as the nonmovants. *See Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991) ("When a court considers standing on a motion for a Rule 12(b) dismissal, it must accept the allegations in the pleadings as true."); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 869 (5th Cir. 2000) ("When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts") (internal quotation marks and citation omitted).

States Trademark Registration No. 2032217 in January 1997. He later became indebted to the Looper defendants. To secure his debt, he assigned the '827 patent, among other assets, to Looper Law Enforcement. Around this time, he also canceled the "Pager Pal" trademark registration. After the assignment, Looper Law Enforcement allegedly offered to sell the '827 patent to Crowell, who had previously worked with Steve, and who purchased the patent for the amount of Steve's debt. Plaintiffs maintain that Crowell owned the '827 patent when this suit was filed.

Crowell, d/b/a Conceal City LLC, began distributing the holster under the name "CELLPAL." The design for the CellPal holster is the same as the Pager Pal holster design, except that the holder accessory is made to hold a cell phone instead of a pager. Crowell has marketed the holster through some of the sales representatives who previously sold it under the "Pager Pal" mark, including Michael. The Looper defendants continue to produce and ship the holsters to Crowell. Plaintiffs allege that, in May 2010, the Looper defendants also began selling holsters to Sam Gray ("Gray"). Plaintiffs aver that, around the same time, Steve began working with Gray to develop a sales and marketing plan for the holsters. Crowell learned that Gray and the Wiesners were marketing and selling the holsters in July 2010 and instructed the Looper defendants that any holsters embodying the '827 patent should only be sold to him, d/b/a Conceal City LLC. Plaintiffs

maintain that the Looper defendants nevertheless continued to sell holsters to Gray and to the Wiesners. Crowell found a new company to manufacture the holsters, then demanded that the Looper defendants return the dies and other equipment needed to produce them. He also demanded that the Looper defendants stop manufacturing the holsters and selling them to other distributors. Plaintiffs allege that the Looper defendants refused to do so, and that they now sell the holsters to Steve and Michael, who market and sell them under the name "Hyde-It Holsters." Plaintiffs posit that Crowell has recently formed a new limited liability company, Conceal City, to distribute the holsters as he had previously done individually, d/b/a Conceal City LLC. He also maintains that since he filed this lawsuit, he has assigned the rights to the '827 patent to the newly-formed Conceal City.

Plaintiffs sue all defendants for patent infringement, false marking, unfair competition, and civil conspiracy. They have also applied for a temporary restraining order ("TRO")[2] and preliminary injunction to prevent the Looper defendants from producing or selling the holster.[3] All defendants move to dismiss for lack of

---

[2]In the court's December 9, 2010 order, it stated that it would address separately the scheduling of briefing on the TRO request. Given the passage of time since plaintiffs filed suit, it is not apparent that a TRO is warranted. If plaintiffs seek such relief, they must advise the court in writing so that it can schedule submission of the TRO application.

[3]In a January 18, 2011 electronic order, the court stated defendants need not respond to plaintiffs' preliminary injunction

subject matter jurisdiction. The Looper defendants move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5). Steve and Michael move to abate consideration of plaintiffs' TRO and preliminary injunction applications pending decisions on their motion to dismiss.

II

The court first considers defendants' challenge to subject matter jurisdiction for lack of standing and federal question jurisdiction.

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). If subject matter jurisdiction is lacking, the court must dismiss the suit. *See id.*

When challenging subject matter jurisdiction under Rule 12(b)(1),[4] a party can make a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). If the party merely files its Rule 12(b)(1) motion, it is

---

motion until the court decided the motion to abate filed by Steve and Michael and directed that defendants respond. *See infra* § V.

[4]Defendants state that their motions are brought under Rule 12(b)(2). Because that rule pertains to *personal* jurisdiction, not *subject matter* jurisdiction, the court treats the motion as if brought under Rule 12(b)(1).

considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. *Id*. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. *Id*. But a party can also make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. *See id.*; *IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, 2006 WL 954010, at *1 (N.D. Tex. Apr. 12, 2006) (Fitzwater, J.) (citing *Paterson*, 644 F.2d at 523). If the movant provides evidence factually attacking subject matter jurisdiction, the nonmovant must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction. *See Paterson*, 644 F.2d at 523.

Defendants make a factual challenge to subject matter jurisdiction, presenting reports from the Texas Secretary of State showing that no entity named "Conceal City" or associated with Bill Crowell existed as a properly-incorporated limited liability corporation at the time this suit was filed. According to defendants, Crowell accepted the Looper defendants' assignment of the '827 patent in the name of his business, Conceal City LLC, which the defendants maintain did not exist when the lawsuit was filed. They maintain that Conceal City lacks standing because it did not exist when the suit was filed and was therefore incapable of raising a federal question. With respect to Crowell, defendants argue that he now lacks standing because, even if he owned the

rights to the '827 patent at the time he filed suit, he has since assigned these rights to the newly-incorporated Conceal City.

Plaintiffs respond that the court has subject matter jurisdiction because Crowell has standing to sue individually and under an assumed business name under Texas law, pursuant to Rule 17(b)(1), which provides that capacity to sue is determined by the law of an individual's domicile. Plaintiffs contend that Conceal City has standing to sue because it is now incorporated as a Texas limited liability corporation and owns the rights to the '827 patent.

B

Defendants contend that the court lacks subject matter jurisdiction because Conceal City did not exist as a corporate entity at the time of the complaint and thus lacks standing. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). When a plaintiff cannot satisfy the standing requirement of Article III, courts lack subject matter jurisdiction over a case. *See Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). To establish standing, a plaintiff must meet both constitutional and prudential standing requirements. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). Constitutional standing requires that a litigant allege three elements: (1) injury in fact that is

concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Prudential standing requirements

> concern [(1)] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [(2)] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and [(3)] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotations and citations omitted).

Although defendants frame their motion as a challenge to the court's subject matter jurisdiction based on the absence of a federal question, their argument essentially is that the Patent Act, 35 U.S.C. § 1 *et seq.*, does not afford either plaintiff statutory standing to sue. Standing to sue for patent infringement derives from the Patent Act. The Patent Act provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d).

Standing must be present at the time suit is brought. *Silcom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir.

2005).  To establish standing at the time suit is brought, "the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*[.]"  *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original).  *See also Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) ("There is a longstanding principle that the jurisdiction of the [c]ourt depends upon the state of things at the time of the action brought") (internal citations omitted)).

C

The court grants defendants' motion to dismiss the claims of Conceal City for lack of standing.  When, as here, a party has made a factual attack on jurisdiction by submitting evidence, the party attempting to invoke jurisdiction must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction.  *See Paterson*, 644 F.2d at 523.  The Texas Secretary of State report attached to defendants' motion indicates that Conceal City had not been registered as a corporation at the time the lawsuit was filed.[5]  Plaintiffs do not contend that Conceal City existed in

---

[5]The Secretary of State's report is properly considered as a public record of the type taken into account when deciding other Rule 12(b) motions to dismiss.  "'Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.'"  *Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 775 (N.D. Tex. 2008) (Fitzwater, C.J.) (quoting *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)).  Reports from the Secretary

corporate form—enabling it to own intellectual or other property—at the time the suit was filed. Instead, to show ownership, they rely on Crowell's later assignment of the rights to the '827 patent to Conceal City. But "the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*" to assert standing. *Paradise Creations*, 315 F.3d at 1309 (emphasis in original). Plaintiffs cannot make this showing. The court therefore dismisses Conceal City's claim against defendants for lack of standing.

D

The court denies defendants' motion as to Crowell. Plaintiffs' complaint alleges that Crowell owns the rights to the '827 patent. Their pleadings also indicate that since the date the complaint was filed, Crowell has assigned his rights to the '827 patent to Conceal City. Because Crowell, not defendants, provides evidence of this assignment, the court will not treat these documents as being part of defendants' factual challenge to subject matter jurisdiction. The court therefore treats defendants' challenge to Crowell's standing as a facial challenge to subject matter jurisdiction, considers only at the sufficiency of the allegations

---

of State are one type of public record that can be considered when deciding such a motion. *See, e.g., TXCAT v. Phx. Grp. Metals, LLC,* 2010 WL 5186824, at *2 n.2 (S.D. Tex. Dec. 14, 2010); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Greystone Serv. Corp.*, 2006 WL 2285638, at *2 (N.D. Tex. July 31, 2006) (Solis, J.); *Levin v. Friedman Driegert & Hsueh, L.L.C.*, 2001 WL 804528, at *2 (N.D. Tex. July 5, 2001) (Fitzwater, J.).

of plaintiffs' complaint, and assumes them to be true. *See Paterson*, 644 F.2d at 523. Based on plaintiffs' allegation, taken as true, that Crowell owned the rights to the '827 patent at the time the complaint was filed, he has standing to sue. *See* 35 U.S.C. § 281; *see also Paradise Creations*, 315 F.3d at 1309; *Abraxis*, 625 F.3d at 1364.

Moreover, the court also has subject matter jurisdiction because plaintiffs' complaint presents a federal question. "A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 619 (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Plaintiffs assert claims for patent infringement and false marking under 35 U.S.C. §§ 271 and 292. District courts have original jurisdiction of any action relating to patents, copyrights, and trademarks. 28 U.S.C. § 1338(a).[6] They also allege claims for unfair competition and civil conspiracy. District courts have original jurisdiction of any action "asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, . . . or trademark laws." 28 U.S.C. § 1338(b). The court therefore has subject

---

[6]28 U.S.C. § 1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

matter jurisdiction because Crowell has standing to bring suit and plaintiffs' complaint presents a federal question. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied as to Crowell.

III

The Looper defendants also move to dismiss for insufficient service of process pursuant to Rule 12(b)(5) and for lack of personal jurisdiction pursuant to Rule 12(b)(2). The court first considers the motion to dismiss for insufficient service of process.

A

Plaintiffs originally attempted to serve the Looper defendants by facsimile. The Looper defendants moved to dismiss for insufficient service. Plaintiffs, in turn, attempted to cure the defect in service by mailing copies of the summons and complaint to the Looper defendants' registered agents. In their reply, the Looper defendants also object to this attempt at service. First, they argue that service should have been effected according to Oklahoma law because they were served in Oklahoma. Second, they contend that service was insufficient under Oklahoma law because they were served by mail, but not by restricted delivery of certified mail.

B

Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff." *Id.; Neely v. Khurana*, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008) (Fitzwater, C.J.). A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4. *See Neely*, 2008 WL 938904, at *2. Pursuant to Rule 4(e)(1), a defendant may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Rule 4(e)(1).

According to Rule 4(e)(1), service in this case is sufficient if properly effected under the laws of either Oklahoma, the state of service, or Texas, the state where the district court is located. The Looper defendants were properly served under Texas law. In Texas, service may be effected, among other methods, "by registered or certified mail, return receipt requested." Tex. R. Civ. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by . . . mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."). The Looper defendants do not dispute that their registered agents received service by certified mail. The court denies the motion

- 13 -

because service was proper pursuant to Rule 4 under Texas law.

IV

The court next considers the Looper defendants' motion to dismiss for lack of personal jurisdiction.

A

The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over the Looper defendants would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.; Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000)*.*

"The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional

notions of fair play and substantial justice.'  To comport with due process, the defendant's conduct in connection with the forum state must be such that he 'should reasonably anticipate being haled into court' in the forum state." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted).  To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in furthering fundamental social policies.  *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant.  *Mink*, 190 F.3d at 336.  "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.  General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'"  *Id.* (citations omitted).[7]

"When a court rules on a motion to dismiss for lack of

---

[7]The court need not consider whether it can exercise general jurisdiction because it concludes below that it has specific personal jurisdiction.

personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

B

First, the Looper defendants maintain that the court lacks personal jurisdiction over them because they were not properly served. Because, as discussed above, service was sufficient under Rule 4, this contention lacks force.

Second, the Looper defendants argue that the court's exercise of personal jurisdiction over them would violate due process and offend traditional notions of fair play and substantial justice. They maintain that they could not reasonably anticipate being haled into court in Texas because they are organized under the laws of Oklahoma and do not maintain an office in Texas. Plaintiffs respond that the Looper defendants have continuous and systematic, or at least minimum, contacts with Texas to satisfy the requirements of due process. They submit that the Looper defendants have developed a pattern and course of doing business with Crowell, a Texas resident, by repeatedly shipping holsters to him in Texas. Plaintiffs attach invoices evidencing the Looper

defendants' shipments to Texas, and they posit that the court must accept as true their allegations that the requirements for personal jurisdiction are satisfied.

C

The court accepts as true all of the uncontroverted allegations of plaintiffs' complaint and resolves any factual conflicts in their favor. *See Latshaw*, 167 F.3d at 211. First, the court concludes that it can exercise specific personal jurisdiction over the Looper defendants. "[P]lacing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state," is sufficient purposeful availment to supply specific personal jurisdiction. *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (holding in trademark infringement case that the sale of allegedly infringing products to Wal-Mart, which then sold them in Louisiana, was sufficient to create minimum contacts required for specific personal jurisdiction in Louisiana). "Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state." *Id.* Plaintiffs's claims stem primarily from their allegations that the Looper defendants have continued to sell allegedly infringing holsters to other distributors-—specifically the Wiesners—who are located in the state of Texas. Plaintiffs allege, and they have introduced invoices that show, that the

Looper defendants repeatedly shipped allegedly infringing holsters to Texas. Ps. Ex. F. Assuming the allegations to be true, they support specific personal jurisdiction. The Looper defendants' Texas sales establish that they should have reasonably anticipated being haled into court in Texas. *See, e.g., Pinnacle Label, Inc. v. Spinnaker Coating, LLC,* 2009 WL 3805798, at *4 (N.D. Tex. Nov. 12, 2009) (Fitzwater, C.J.) (holding that personal jurisdiction existed where defendant sold allegedly infringing labels in Texas and used representative to aid in marketing and distribution).

Exercising personal jurisdiction would not offend traditional notions of fair play and substantial justice. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). The Looper defendants have presented no such compelling arguments. Concluding that the court can exercise specific personal jurisdiction over the Looper defendants in relation to plaintiffs' claims, the court denies their Rule 12(b)(2) motion to dismiss.

V

Michael and Steve have filed a motion to abate the TRO and preliminary injunction proceedings pending decisions on the motions to dismiss. In an electronic order filed on January 18, 2011, the

court excused defendants from responding to plaintiffs' preliminary injunction motion until the court decided the motion to abate filed by Steve and Michael and directed that defendants respond. Because the court has now denied the motions to dismiss as to Crowell, it also denies the motion to abate.

Accordingly, defendants must file within 21 days of the date of this memorandum opinion and order their materials in response to plaintiffs' motion for a preliminary injunction,[8] as required by the court's December 9, 2010 order.

\* \* \*

For the reasons explained, the court grants in part and denies in the Looper defendants' and Steve and Michael's January 7, 2011 motions to dismiss for lack of subject matter jurisdiction; denies the Looper defendants' January 7, 2011 motion to dismiss for insufficient service; denies the Looper defendants' January 7, 2011 motion to dismiss for lack of personal jurisdiction; and denies Steve and Michael's January 7, 2011 motion to abate.

**SO ORDERED.**

March 10, 2011.

                                        _____
                                        SIDNEY A. FITZWATER
                                        CHIEF JUDGE

---

[8]This motion is now deemed filed on behalf of Crowell alone, not on behalf of both plaintiffs.