```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

BILL J. CROWELL, JR.,            §
INDIVIDUALLY, AND D/B/A          §
CONCEAL CITY LLC, et al.,        §
                                 §
               Plaintiffs,       §
                                 § Civil Action No. 3:10-CV-2506-D
VS.                              §
                                 §
LOOPER LAW ENFORCEMENT, LLC      §
D/B/A LOOPER LAW ENFORCEMENT     §
SUPPLY, et al.,                  §
                                 §
               Defendants.       §
```

MEMORANDUM OPINION
AND ORDER

In this action for patent infringement and related claims, the availability of a preliminary injunction turns on whether the court has subject matter jurisdiction. Concluding that it does not, the court denies the preliminary injunction application. The court also dismisses the action of one plaintiff for lack of subject matter jurisdiction.

I

This case is the subject of a prior opinion, *Crowell v. Looper Law Enforcement, LLC,* 2011 WL 830543 (N.D. Tex. Mar. 10, 2011) (Fitzwater, C.J.) ("*Crowell I*"), with which the court assumes the parties' familiarity. Plaintiff Bill Crowell ("Crowell") sues defendants Looper Law Enforcement, LLC, d/b/a Looper Law Enforcement Supply ("Looper Law Enforcement") and Looper Leather Goods Co., Inc. (collectively, the "Looper defendants"), and Steve A. Wiesner ("Steve") and Michael S. Wiesner ("Michael") alleging

claims for patent infringement, in violation of 35 U.S.C. § 271, false marking, in violation of 35 U.S.C. § 292, unfair competition, and civil conspiracy.  The parties' dispute concerns the production and distribution of a patented holster designed to carry cellular telephones or similar devices.  Steve invented the disputed holster and obtained U.S. Patent No. 5,570,827 (the "'827' patent").  The Looper defendants produced the holsters using dies and other implements Steve supplied.  Steve then purchased the holsters from the Looper defendants and sold them under the name "Pager Pal," registered as U.S. Trademark Registration No. 2032217 in 1997. Steve eventually became indebted to the Looper defendants and assigned the '827 patent to them to secure his debt.

Crowell then purchased the rights to the '827 patent from the Looper defendants and Crowell, d/b/a Conceal City LLC, began distributing the holster under the name "CELLPAL."  The design for the CELLPAL holster is identical to the Pager Pal, except that its holder accessory is fitted for a cellular telephone instead of a pager.  Crowell has marketed the holster through some of the same sales representatives who previously sold it under the Pager Pal mark, including Michael.  Crowell alleges that, in May 2010, the Looper defendants also began selling holsters to Sam Gray ("Gray"). He maintains that, around the same time, Steve and Gray began developing a marketing and sales model for the holsters, which he discovered in July 2010.  Crowell avers that he then instructed the

Looper defendants to stop selling products embodying the '827 patent to any other distributors, but that they continued to sell the holsters to Gray and the Wiesners. Crowell found a new manufacturer for the product, demanded that the Looper defendants return the dies used to produce the holsters, and again instructed them to stop selling the holsters to any other distributors. He maintains that the Looper defendants now sell infringing holsters through the Wiesners under the name "Hyde-It Holsters." Crowell has applied for a preliminary injunction enjoining the Looper defendants, Steve, and Michael from using the production dies, manufacturing the Hyde-It holster or any other holster infringing the '827 patent, and distributing, advertising, or selling any holster infringing the '827 patent.

After filing suit, Crowell formed Conceal City, L.L.C. ("Conceal City") on January 19, 2011. Two days later, on January 21, Crowell assigned all the rights in the '827 patent, including the right to recover damages for past infringement, to Conceal City.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction, contending that both Crowell and Conceal City lacked standing to bring suit. In *Crowell I* the court granted defendants' motion to dismiss as to Conceal City because Conceal City did not exist and had no interest in the rights to the '827

patent at the time the suit was filed.[1]  *See Crowell I*, 2011 WL 830543, at *3-4.  Because defendants did not produce evidence that Crowell had assigned his interest in the '827 patent to Conceal City, the court treated the motion to dismiss as to Crowell as a facial challenge to subject matter jurisdiction.  Under that standard, the court considered only the allegations in Crowell's complaint.  *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. May 1981).  Accepting the allegations of the complaint as true, *see Crowell I*, 2011 WL 830543, at *1 n.1, the court concluded that Crowell's allegations that he owned the rights to the '827 patent were sufficient to establish his standing.  *See id.* at *4.  In opposition to Crowell's preliminary injunction application, defendants now make a factual attack on Crowell's standing, pointing to the assignment to Conceal City as evidence that Crowell no longer has any interest in the '827 patent or this lawsuit.[2]

---

[1]The assignment to Conceal City of rights in the '827 patent expressly includes the right to recover damages for past infringement, and Conceal City was not dismissed based on a lack of interest in the '827 patent but because it neither existed nor owned the patent at the time this suit was filed.  Although, as a general rule, "[i]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment," this rule has an exception: "a party may sue for past infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so." *Abraxis Bioscience, Inc. v. Navinta LLC,* 625 F.3d 1359, 1367 (Fed. Cir. 2010) (citations omitted).

[2]Defendants filed their motion to dismiss on March 31, 2011.  Under the local civil rules, Crowell would normally have 21 days to file a response.  The motion is being decided, however, in the

II

When challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a party can make either a facial or a factual challenge. A party makes a factual challenge to subject matter jurisdiction by submitting evidence, such as affidavits or testimony. *See IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, 2006 WL 954010, at *1 (N.D. Tex. Apr. 12, 2006) (Fitzwater, J.) (citing *Paterson*, 644 F.2d at 523). When a movant provides evidence factually attacking subject matter jurisdiction, the party attempting to invoke jurisdiction must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction. *Id.*

In their factual challenge, defendants argue that a copy of the assignment appended to Conceal City's prior pleadings establishes that Crowell no longer has an interest in this lawsuit and that the suit must be dismissed because no case or controversy remains. "A complete assignment of an owner's rights under a

---

context of Crowell's preliminary injunction application because it is a basis on which defendants oppose the application. In *Crowell I* the court effectively reinstated the briefing deadlines of its December 9, 2010 scheduling order for deciding the preliminary injunction application, and Crowell's reply brief to defendants' opposition was due 14 days after the opposition materials were filed. No reply brief has been filed. The court can therefore reach the motion to dismiss at this time. Moreover, because it is clear that Crowell cannot cure the defect on which the dismissal is based, the court is dismissing his action today without prejudice rather than awaiting further briefing confined to the motion to dismiss.

patent divests the assignor of ownership in the patent." *Procter & Gamble Co. v. Kimberly-Clark Corp.,* 684 F. Supp. 1403, 1404 (N.D. Tex. 1987) (Fish, J.). Conceal City has appended to its pleadings a copy of the assignment transferring rights in the '827 patent from Crowell to Conceal City. The assignment transfers the "entire right, title, and interest," as well as the inventions in the '827 patent. Ps. Jan. 28, 2011 App. 12. Crowell does not rebut this evidence with proof of his present interest in the '827 patent. Defendants have therefore established that Crowell has assigned his entire interest to Conceal City.

"[T]o qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed." *Wightman-Cervantes v. Texas,* 2005 WL 770598, at *1 (N.D. Tex. Apr. 6, 2005) (Fitzwater, J.) (quoting *Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs,* 217 F.3d 393, 396 (5th Cir. 2000)). Because Crowell has assigned his rights in the '827 patent, he no longer has an interest in the patent, lacks standing to maintain this suit, and cannot satisfy the case or controversy requirement for federal jurisdiction. *See id.; Hill-Rom Servs., Inc. v. Verses Tech., Inc.*, 2006 WL 1540851, at *14 (M.D.N.C. June 2, 2006) (dismissing party pursuant to Rule 12(b)(1) where party had assigned rights before filing suit because it retained no rights in patent); *Foseco, Inc. v. Consol. Aluminum Corp.,* 1989 WL 138663, at *1 (E.D. Mo. Apr. 13, 1989) (dismissing

party because no case or controversy remained when party assigned its patent interest during the course of litigation).

The court accordingly grants defendants' motion to dismiss, and it dismisses Crowell's action against them by Rule 54(b) final judgment.[3] It follows that Crowell's application for a preliminary injunction must also be denied.

III

In *Crowell I* the court granted defendants' motion to dismiss the claims of Conceal City for lack of standing. *Crowell I*, 2011 WL 830543, at *4. The court has concluded today that Crowell lacks standing as well. Under the exception addressed *supra* at note 1, however, Conceal City now appears to have standing although it did not when plaintiffs filed suit. While there are cases that support dismissing this suit in its entirety and in effect requiring that Conceal City file a new lawsuit,[4] there are also decisions that support allowing Conceal City to proceed with this case now that it has been assigned sufficient rights in the '827 patent. *See, e.g., Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004) (applying Fifth Circuit regional circuit law

---

[3]All of Crowell's claims in this lawsuit are dependent on his right to recover under the '827 patent.

[4]*See Abraxis*, 625 F.3d at 1366-67 (reversing denial of motion to dismiss for lack of standing and remanding with instructions to dismiss without prejudice where plaintiff lacked standing on filing date but later gained interest in patent through *nunc pro tunc* assignment).

and finding no abuse of discretion in allowing joinder of patent assignee when assignment took place after trial and before new trial and district court determined that defendants would not suffer prejudice were patent assignee joined as plaintiff). Because this option is available to Conceal City, and to avoid needless expense to Conceal City and administrative burdens on the court,[5] the court will permit Conceal City to continue the litigation.[6]

* * *

For the reasons explained, the court grants defendants' motion to dismiss[7] and denies Crowell's application for a preliminary injunction. Crowell's action against defendants is dismissed without prejudice by Rule 54(b) judgment filed today.

**SO ORDERED.**

April 20, 2011.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5]If Conceal City were to refile this lawsuit in this court, it would likely be assigned at some point to the undersigned's docket, either by random initial assignment or by reassignment as a related case.

[6]If Conceal City seeks a preliminary injunction, it must apply for one anew.

[7]Defendants' request for an oral hearing is denied.