IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONCEAL CITY, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-2506-D |
| VS. | § | |
| | § | |
| LOOPER LAW ENFORCEMENT, LLC | § | |
| D/B/A LOOPER LAW ENFORCEMENT | § | |
| SUPPLY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action for patent infringement and related claims, defendants move to dismiss the claims of civil conspiracy and breach of agreement; move for a more definite statement concerning the claims of patent infringement and breach of agreement; and move for joinder of an alleged coconspirator as a defendant under Fed. R. Civ. P. 19. For the reasons that follow, the court grants the motion in part and denies it in part and grants plaintiff leave to replead.

I

Plaintiff Conceal City, L.L.C. ("Conceal City") brings this action against defendants Looper Law Enforcement, LLC, d/b/a Looper Law Enforcement Supply ("Looper Law Supply") and Looper Leather Goods Co., Inc. ("Looper Leather") (collectively, the "Looper defendants"), and Steve A. Wiesner ("Steve") and Michael S. Wiesner ("Michael")

(collectively, the "Wiesners").[1]  Conceal City holds U.S. Patent No. 5,570,827 ("the '827 patent"), which it received by assignment from Bill Crowell ("Crowell").[2]  The '827 patent relates to an inside-the-pants holster for carrying and concealing a pistol.  Crowell had worked with Steve, the inventor and original owner of the '827 patent, in procuring the holsters from the manufacturers, the Looper defendants, and then marketing the holsters. Steve had an exclusive distributorship arrangement with the Looper defendants, pursuant to which Steve was the exclusive distributor of the holster and the Looper defendants were not to sell the holster to anyone but Steve.  Steve trademarked the name "Pager Pal" for the holster.  While performing the exclusive distributorship agreement, Steve became indebted to the Looper defendants, and in 2007 he assigned the '827 patent to them as part of an agreement to satisfy his debt.  Steve then left the holster business and canceled the trademark registration for "Pager Pal."

Now lacking a distributor for the holsters, the Looper defendants offered Crowell the same arrangement they had had with Steve.  Along with Crowell's becoming the exclusive

---

[1]The court assumes the parties' familiarity with the background facts and procedural history discussed in prior opinions of this case.  *See Crowell v. Looper Law Enforcement, LLC*, 2011 WL 830543 (N.D. Tex. Mar. 10, 2011) (Fitzwater, C.J.); *Crowell v. Looper Law Enforcement, LLC*, 2011 WL 1515030 (N.D. Tex. Apr. 20, 2011) (Fitzwater, C.J.) ("*Crowell II*"); *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 2011 WL 5557421 (N.D. Tex. Nov. 15, 2011) (Fitzwater, C.J.) ("*Conceal City I*"); *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 2012 WL 5830518 (N.D. Tex. Nov. 16, 2012) (Fitzwater, C.J.).

[2]In deciding defendants' Rule 12(b)(6) motion, the court construes the second amended complaint in the light most favorable to Conceal City, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Conceal City's favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

distributor of the holsters, he was to receive an assignment of the '827 patent once he paid the Looper defendants the amount of Steve's debt. Crowell accepted the offer and entered into the same exclusive distributorship arrangement, doing business as Conceal City. Crowell began marketing the holsters under the name "CellPal." Crowell marketed the CellPal through some of the same sales representatives with whom he had marketed the Pager Pal, including Michael and Sam Gray ("Gray"). With his profits from selling the CellPal, Crowell paid the Looper defendants the amount of the debt and received assignment of the '827 patent in November 2009.[3]

Crowell and the Looper defendants continued their distributorship arrangement, and, according to that agreement, Crowell authorized the Looper defendants to sell the holsters only to his company, Conceal City. Despite this agreement, in May 2010 the Looper defendants began selling to Gray holsters allegedly covered by the '827 patent. Steve also returned to the holster business, obtained holsters either from Gray or the Looper defendants directly, and began working with Gray to market them. In July 2010 Crowell learned of the sales of the holsters to Steve and Gray and admonished the Looper defendants that holsters covered by the '827 patent were to be sold only to Conceal City. The Looper defendants continued to sell the holsters to Steve and Gray. And the Wiesners continued to sell these holsters under the name "Hyde-It Holster."

---

[3]In January 2011 Crowell formed Conceal City and assigned to it all the rights in the '827 patent. *See Crowell II*, 2011 WL 830543, at *2. The legal formation of Conceal City, and the assignment of the '827 patent, established Conceal City's standing to bring this lawsuit. *See id.* at *2-3.

Conceal City sued the Looper defendants and the Wiesners, seeking injunctive relief and damages on the following grounds: willful literal infringement of the '827 patent, willful infringement under the doctrine of equivalents, and inducing infringement; false marking; unfair competition under Texas law; breach of the exclusive distributorship agreement; and civil conspiracy to willfully infringe and unfairly compete.

Defendants move under Rule 12(b)(6) to dismiss the claims for civil conspiracy and breach of agreement; move for a more definite statement under Rule 12(e) concerning the patent infringement and breach of agreement claims; and move to join Gray, an alleged coconspirator, as a defendant under Rule 19.  Conceal City opposes the motion.

II

The court first considers defendants' Rule 12(b)(6) motion to dismiss the civil conspiracy and breach of agreement claims.

In deciding defendants' Rule 12(b)(6) motion, the court evaluates the sufficiency of Conceal City's second amended complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive the motion, Conceal City must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

- 4 -

*Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

### III

Defendants move to dismiss Conceal City's Texas-law claims of civil conspiracy to infringe the '827 patent[4] and to unfairly compete.

---

[4]This claim appears to be brought under Texas law.  First, Conceal City alleges that "An agreement exists by and among the Looper Defendants, Steve Wiesner, Michael Wiesner, and Sam Gray to willfully and intentionally infringe the '827 Patent, to pass off, to palm off, to misrepresent the source and sponsor of the patent protected CELLPAL holster as that of the infringing Hyde-It Holster, and to unfairly compete with Crowell and Conceal City, LLC in violation of Texas law."  2d Am. Compl. ¶ 4.13.  Second, there is no federal-

A

Under Texas law, a claim of civil conspiracy requires the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). To satisfy the "meeting of the minds" element, Conceal City must allege that defendants had the "specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Id.* at 408-09 (quoting *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)) (internal quotation marks omitted). Defendants must have been "aware of the harm or wrongful conduct at the inception of the combination or agreement." *Id.* at 408 (quoting *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995)). Conceal City can prove intent by "circumstantial evidence and reasonable inference." *Id.* at 409 (citing *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968)).

Civil conspiracy is a derivative tort, meaning that "liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Accordingly, because Conceal City alleges two separate grounds for civil

---

law claim for conspiracy to commit patent infringement. *See Int'l Rectifier Corp. v. Samsung Elecs. Co.*, 361 F.3d 1355, 1361 (Fed. Cir. 2004) (stating that a theory of "conspiracy to infringe a patent [is] a theory which has no basis in law").

conspiracy—willful patent infringement and unfair competition—the court will treat each as a separate conspiracy claim.

B

Regarding the patent infringement ground for its civil conspiracy claim, Conceal City alleges that "[a]n agreement exists by and among the Looper Defendants, Steve Wiesner, Michael Wiesner, and Sam Gray to willfully and intentionally infringe the '827 Patent[.]" 2d Am. Compl. ¶ 4.13.  Defendants contend that the second amended complaint lacks any factual allegations of an agreement to infringe.  The court need not reach defendants' ground for dismissal because it raises *sua sponte* that federal patent law preempts the civil conspiracy claim of patent infringement.[5]

The patent laws preempt state-law claims that lack any additional elements compared to a federal patent law cause of action, or claims that are "an impermissible attempt to offer patent-like protection to subject matter addressed by federal law."  *See Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) (citing *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998)).  Although the Federal Circuit has not specifically held that patent law preempts a state-law claim for civil conspiracy to infringe a patent, it has stated that "conspiracy to infringe a patent [is] a theory which has no basis in

---

[5]Because the court is permitting Conceal City to replead, the procedure is fair and is therefore permissible. *See, e.g., Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting plaintiffs leave to replead).

- 7 -

law." *Int'l Rectifier Corp. v. Samsung Elecs. Co.*, 361 F.3d 1355, 1361 (Fed. Cir. 2004); *see also Ernster v. Ralston Purina Co.*, 980 F.2d 743, 1992 WL 279269, at *6 (Fed. Cir. Oct. 13, 1992) (unpublished) (rejecting theory of conspiracy to infringe patent, and explaining that "Title 35 neither expressly nor implicitly authorizes additional and duplicative damages for conspiracy to infringe a patent."). Several district courts have held that federal patent law preempts state-law conspiracy claims for patent infringement. *See, e.g., Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F.Supp.2d 444, 449-451 (D. Del. 2007); *Mopex, Inc. v. Chi. Stock Exch., Inc.*, 2003 WL 715652, at *5-6 (N.D. Ill. Feb. 27, 2003); *Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc.*, 83 F.Supp.2d 689, 699 n.15 (E.D. Va. 2000).

As the *Mopex* court explained, conspiracy to infringe a patent presents a scope of liability similar to a claim of inducing patent infringement under 35 U.S.C. § 271(b). *See Mopex*, 2003 WL 715652, at *6. The parallel is that an inducement claim requires proof that the accused "knowingly aided and abetted another's direct infringement of the patent," which would suffice to prove the "meeting of the minds" element of a conspiracy claim. *See id.* (quoting *Rodime*, 174 F.3d at 1306). This similarity supports applying preemption because conspiracy to infringe does not include a distinct additional element compared to an inducement claim, and a conspiracy claim would "attempt to offer patent-like protection to subject matter addressed by federal law."[6] *See id.*; *see also Rodime*, 174 F.3d at 1306.

---

[6]Moreover, any possible difference in scope of liability between inducement and conspiracy to infringe would also favor applying preemption. Because, to the extent conspiracy "draws a different line as to how much activity constitutes aiding an infringer so as to incur liability along with that infringer," "[s]uch a result stands in conflict with

Accordingly, the court concludes that Conceal City's Texas-law claim for civil conspiracy to infringe the '827 patent is preempted by federal patent law and must be dismissed.

## C

Conceal City alleges that defendants and Gray conspired to unfairly compete by passing off the Hyde-It Holster as the patent-protected CellPal.[7]

## 1

Unfair competition under Texas law is "'the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'" *Conceal City I*, 2011 WL 5557421, at *9 n.16 (quoting *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir. 1974)). Unfair competition includes three causes of action: passing off or palming off, trade secret misappropriation, and common law misappropriation. *Id.* (citing *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 217 (Tex. App. 1993, writ denied)). Conceal City alleges unfair competition for passing off, which is the "use or simulation by one person of the name, symbols or devices of a business rival in such a manner as is calculated to deceive and cause the public to trade with the first when they intended to and would otherwise have traded with the second." *Id.* at *9 (quoting *McCarley v. Welch*, 170

---

congressional intent for federal patent law to draw the liability line and stipulate the amount of damages for such liability." *Mopex*, 2003 WL 715652, at *6.

[7]Patent law does not preempt Conceal City's claim of civil conspiracy to unfairly compete. *See Rodime*, 174 F.3d at 1306 (holding that state-law claims of unfair competition are not preempted).

S.W.2d 330, 332 (Tex. Civ. App. 1943, no writ)).  To establish this claim, it is not necessary to prove that the conduct was intended or that actual deception resulted; "'it is sufficient that such deception would naturally and probably result from the acts charged.'"  *Id.* (quoting *McCarley*, 170 S.W.2d at 332).

2

The second amended complaint states a plausible claim for conspiracy to unfairly compete by passing off, but only concerning the Wiesners.  Conceal City sufficiently alleges that the Wiesners conspired to pass off the Hyde-It Holster as the CellPal.  The second amended complaint avers that the Wiesners market the Hyde-It Holster in part through an Internet advertisement that states, "[M]ade in the U.S.A. *US Patent# 5570827*."  2d Am. Compl. ¶ 4.7 (emphasis added).  Moreover, it asserts that, "[i]n marketing the Hyde-It Holster . . . Defendants represent that the owner of the CELLPAL renamed the holster the Hyde-It Holster; that the inventor of the holster is Steve Wiesner and CELLPAL and Hyde-It Holster are the same."  *Id.* at ¶ 4.9.  These allegations enable the court to draw the reasonable inference that the Wiesners conspired to pass off the Hyde-It Holster as the CellPal.[8]

But the second amended complaint does not sufficiently allege that the Looper

---

[8]Because civil conspiracy is a derivative tort, the second amended complaint must also state a plausible claim for unfair competition by passing off.  The second amended complaint does state a plausible claim because the allegations enable the court to draw the reasonable inference that the Wiesners misrepresented the Hyde-It Holster as the patent-protected CellPal to "deceive the public and entice them to purchase the Hyde-It Holster," and that such deception "will naturally and probably result from these misrepresentations."  *Conceal City I*, 2011 WL 5557421, at *10 (granting preliminary injunction for Conceal City on passing off claim).

defendants conspired with them.  The second amended complaint does not state a plausible claim that the Looper defendants conspired to unfairly compete by passing off because there is no allegation that they participated in marketing the Hyde-It Holster.  Conceal City alleges that "Defendants, Steve Wiesner and Michael Wiesner," were the ones to advertise the Hyde-It Holster as covered by the '827 patent.  *See id.* at ¶ 4.7.  The next paragraph uses the same term "Defendants" in naming those who represented that the Hyde-It Holster was the same as the CellPal.  *See id.* at ¶ 4.9.  Although this general term "Defendants" could include the Looper defendants, in this context the court construes "Defendants" to mean only the Wiesners.  The paragraph with the general term "Defendants" begins: "*In marketing the Hyde-It Holster*, Defendants palm off or pass off that holster as the CELLPAL holster."  *Id.* (emphasis added).  But there are no allegations that the Looper defendants ever participated in marketing the holsters that they manufacture.  And in the immediately preceding paragraph the second amended complaint alleges: "*Defendants, Steve Wiesner and Michael Wiesner*, sell, promote and market the Hyde-It Holster."  *Id.* at ¶ 4.7 (emphasis added).  Therefore, the second amended complaint does not enable the court to draw the reasonable inference that the Looper defendants participate in marketing the holsters.  Without more factual allegations,[9] Conceal City has failed to plausibly plead that the Looper defendants conspired to pass off the Hyde-It Holster as the CellPal.

_____

[9]There are no allegations that, in manufacturing the Hyde-It Holster, the Looper defendants included any marking that would indicate the holster was covered by the '827 patent.

IV

Defendants also move under Rule 12(b)(6) to dismiss Conceal City's breach of agreement claim. They assert that the second amended complaint fails to allege that the exclusive distributorship agreement was in writing, and thus that the Texas statute of frauds renders the agreement unenforceable. Defendants rely on the statute of frauds provision for "an agreement which is not to be performed within one year from the date of making the agreement."[10]  Tex. Bus. & Com. Code Ann. § 26.01(b)(6) (West 2009). But because reliance on the statute of frauds is an affirmative defense, the court can only dismiss a claim at the Rule 12(b)(6) stage if the "'affirmative defense appears clearly on the face of the pleadings.'"  *Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 774 (N.D. Tex. 2008) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

Defendants maintain that the unwritten nature of the exclusive distributorship

---

[10]The statute of frauds provision concerning agreements "not to be performed within one year" is likely inapplicable here. This provision only applies "where the agreement, either by its terms or by the nature of the required acts, *cannot be completed within one year*."  *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982) (per curiam) (emphasis added). "A contract that could *possibly* be performed within a year, however improbable performance within one year may be, does not fall within the statute of frauds."  *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App. 2005, pet. denied). If the oral contract does not specify the performance term, it violates the statute of frauds if "[extrinsic] evidence conclusively proves that the contract cannot be completed within one year."  *Niday*, 643 S.W.2d at 920 (citation omitted).

Other statute of frauds provisions may apply, such as the one for sales of goods, Tex. Bus. & Com. Code Ann. § 2.201(a) (West 2009), which applies to distributorship contracts. *See Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prods., Inc.*, 410 Fed. Appx. 738, 741 n.1 (5th Cir. 2010) (per curiam) (citing *Cont'l Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 788 (Tex. App. 2001, no pet.)).

agreement is clearly indicated on the face of the second amended complaint.  They posit that

"every agreement alleged in the Complaint is noted to be in writing with the notable

exception of the alleged exclusive distributor agreement[s]" between Steve and the Looper

defendants, and then Crowell and the Looper defendants.  Ds. Reply Br. 4.  Although all

other agreements mentioned in the second amended complaint are described as written,[11] the

court must view all well-pleaded facts in the light most favorable to Conceal City.  Because

"[t]he law does not require that plaintiffs plead affirmatively that a contract is written,"

*Public Health Equipment & Supply Co. v. Clarke Mosquito Control Products, Inc.*, 410 Fed.

Appx. 738, 741 (5th Cir. 2010) (per curiam), this failure to plead that it was written does not

prevent the court from drawing the reasonable inference that it was written.  The court

therefore declines to grant defendants' motion as to Conceal City's breach of agreement

claim.  *See EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466,

470-71 (5th Cir. 2006) (refusing to apply statute of frauds in context of Rule 12(b)(6) motion

where plaintiff "ha[d] not conceded that its claim [was] based on an oral representation . . .

or on an unsigned agreement," because complaint did not foreclose plaintiff's ability to

produce proof of written contract); *see also City Bank v. Compass Bank*, 2010 WL 2680585,

at *8 (W.D. Tex. July 2, 2010) ("Unless [plaintiff] specifically averred that the agreement

---

[11]*Compare* 2d Am. Compl. ¶ 3.15 (describing distributorship contract as "the agreed arrangement") *with id.* at ¶¶ 3.3 (alleging "written security agreement" and "written assignment" of patent between Steve and Looper Law Supply), 3.5 ("written assignment" from Looper Law Supply to Crowell), and 3.6 ("written assignment" from Crowell to Conceal City).

was oral or was unsigned, it is not facially apparent that the statute of frauds undermines its claim.").

## V

Defendants move under Rule 12(e) for more a definite statement concerning the breach of agreement claim and the claim for infringement under the doctrine of equivalents.

## A

A motion for a more definite statement under Rule 12(e) is available where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e). "'Motions for a more definite statement are generally disfavored.'" *Johnson v. BAE Sys. Land & Armaments, L.P.*, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012) (Fitzwater, C.J.) (quoting *Russell v. Grace Presbyterian Vill.*, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (Solis, J.)). "'When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted.'" *Id.* (quoting *Brown v. Whitcraft*, 2008 WL 2066929, at * 1 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.)).

## B

Defendants move for a more definite statement concerning the breach of agreement claim on the basis that the second amended complaint alleges that the breach proximately caused damages to both Crowell and Conceal City. *See* 2d Am. Compl. ¶ 4.16. Defendants seek to know whether Conceal City itself suffered damages, or whether the breach of

- 14 -

agreement claim is only for the damages suffered by Crowell.  The ambiguity arises because the exclusive distributorship agreement was between the Looper defendants and *Crowell*, not Conceal City.  *See id.* at ¶ 3.4.  Crowell assigned his right to sue for breach of the agreement to Conceal City.  *See id.* at ¶ 3.6.  There are no factual allegations that Conceal City independently suffered damages from the alleged breach of the agreement.

The second amended complaint is not so vague or ambiguous that defendants cannot reasonably prepare a response.  This is a matter that can be clarified and developed during discovery, not one that impedes defendants' ability to form a responsive pleading.[12]

Regarding Conceal City's claim of patent infringement under the doctrine of equivalents, defendants maintain that they cannot reasonably prepare a responsive pleading because the second amended complaint merely states that the "Hyde-It-Holster has substantial identity of function, means and result as the patented holster under the claims of the '827 Patent."  2d Am. Compl. ¶ 4.4.  Defendants' ground for seeking a more definite statement is that Conceal City fails to allege each element of the '827 patent that is allegedly infringed under the doctrine of equivalents.

Although Conceal City's infringement claim under the doctrine of equivalents may

---

[12]Even if defendants' argument satisfied the legal standard, the court need not order Conceal City to provide a more definite statement because its brief in response to defendants' motion indicates that the breach of agreement damages are limited to those that Crowell suffered.  In response to defendants' argument about whether Conceal City independently suffered damages, Conceal City states that "the Crowells have assigned to CONCEAL CITY all causes of action for breach of contract between Crowell and the defendants.  Therefore, Defendants have sufficient notice as to what damages are being sought by CONCEAL CITY."  *See* P. Resp. Br. 16 (internal citation omitted).

- 15 -

lack specificity, it is not so vague or ambiguous that defendants cannot prepare a responsive

pleading. "'[T]he allegations of the petition are not so vague that [defendants are] unable to

admit or deny them.'" *Johnson*, 2012 WL 5903780, at *4 (quoting *LSF7 NPL V Trust v.

*Flagstar Bank, FSB*, 2012 WL 3867106, at *3 (N.D. Tex. Sept. 6, 2012) (Fitzwater, C.J.)).

And this is a matter that can be developed during discovery.

## VI

Defendants seek to compel Conceal City to join Gray as a defendant under Rule 19,

or, in the alternative, Rules 20 or 21.

## A

Defendants seek joinder under Rule 19(a) on the grounds that the court cannot accord

complete relief without joining Gray, *see* Rule 19(a)(1)(A), and that if Gray is not joined, it

would impair or impede his ability to protect his interest, *see* Rule 19(a)(1)(B)(i).

## 1

Defendants assert under Rule 19(a)(1)(A) that the court cannot accord the existing

parties complete relief because, as an alleged member of the conspiracy, Gray would be

subject to sharing some of the liability. This ground for joinder fails because "[i]t has long

been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a

single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam) ("'[A] tortfeasor

with the usual 'joint-and-several' liability is merely a permissive party to an action against

another with like liability.'" (quoting Rule 19 advisory committee's note (1966 amendment,

subdivision (a)))).

2

Defendants also maintain that Gray is a required party under Rule 19(a)(1)(B)(i) because he has an interest in the outcome of the lawsuit, and being absent would impair his ability to protect that interest. They posit that Gray has an interest in protecting himself against a ruling that the Looper defendants and Wiesners conspired, because such a ruling could be attributed to him either in a future action or would at least besmirch his public and professional reputation. This possible future harm to Gray is not the type of "interest" contemplated under Rule 19(a)(1)(B).

To be a required party, Gray must "claim[] an interest relating to the subject of the action and [be] so situated that disposing of the action in [his] absence may: (i) as a practical matter impair or impede [his] ability to protect the interest[.]" Rule 19(a)(1)(B)(i). Such an interest must be a "legally protected" one. *See, e.g., Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 970 (9th Cir. 2008) (citation omitted); *Ass'n of Co-op. Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1143 (5th Cir. 1982). The "interest" need not be a property right in the sense of the due process clause, but it must be "more than a financial stake, and more than speculation about a future event." *Cachil Dehe Band*, 547 F.3d at 970 (citing *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002)); *see also* 4 Moore's Federal Practice § 19.03[3][b] (3d ed. 2012) ("This interest must be legally protected, not merely a financial interest or interest of convenience.") (internal quotation marks omitted). Defendants state no interest of Gray's that could be considered "legally protected" for purposes of Rule 19. *Cf. Atl. Aero, Inc. v. Cessna Aircraft Co.*, 93

F.R.D. 333, 334-35 (M.D.N.C. 1981) (holding that pilot of crashed airplane had no "interest" at stake in lawsuit between airplane owner and manufacturer, even though suit could result in ruling that pilot was negligent).

B

In their reply brief, defendants present new arguments for a new, and alternative, basis for joinder under Rules 20 and 21.  The court will not consider arguments first raised in a reply brief.  *See, e.g., Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F.Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.).  This would effectively deny Conceal City a fair opportunity to respond.  *See, e.g., Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 2719884, at *4 (N.D. Tex. Sept. 18, 2007) (Fitzwater, J.).[13]

VII

Although the court is dismissing certain of Conceal City's claims, it will permit Conceal City to replead.  "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a

---

[13]Even if the court were to consider joinder under Rule 20, it would deny defendants' motion in this respect.  Rule 20's permissive joinder allows *plaintiffs* to decide who shall be parties to a lawsuit.  A defendant has no right to demand permissive joinder of an absent person as a defendant.  *See, e.g., Trahan v. S. Pac. Co.*, 209 F. Supp. 334, 338 (W.D. La. 1962); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) ("[R]ule 20 is a right belonging to plaintiffs . . . .  [A] defendant cannot use rule 20 to join a person as an additional defendant.").  Therefore, defendants cannot rely on Rule 20 to effect the joinder of Gray as a defendant.

manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citation omitted). Because Conceal City has not stated that it cannot, or is unwilling to, cure the defects that the court has identified, the court grants it 30 days from the date this memorandum opinion and order is filed to file a third amended complaint.  Moreover, allowing Conceal City to file a third amended complaint will ensure that the court has employed a fair procedure in raising preemption *sua sponte*.[14]

\*   \*   \*

For the reasons explained, the court grants in part and denies in part defendants' motion, and it grants Conceal City leave to file a third amended complaint.

**SO ORDERED**.

January 8, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[14]The court does not suggest that Conceal City can cure this defect, but it may attempt to do so since the court is permitting it to amend.

- 19 -