IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CONCEAL CITY, L.L.C., § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:10-CV-2506-D | |
| VS. § | |
| § | |
| LOOPER LAW ENFORCEMENT, LLC § | |
| D/B/A LOOPER LAW ENFORCEMENT § | |
| SUPPLY, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Steve A. Wiesner ("Steve") moves for leave to file an amended answer and a counterclaim against plaintiff Conceal City, L.L.C. ("Conceal City") and against non-parties Bill J. Crowell, individually and d/b/a Conceal City, and Lu Juanna Crowell, individually and d/b/a Conceal City (collectively, "the Crowells"). Conceal City moves the court to amend the scheduling order to enlarge by 60 days the deadlines for designating experts, completing discovery, and filing a joint status report. The court grants in part and denies in part Steve's motion and denies Conceal City's motion without prejudice.

I

On January 9, 2013 the court entered the scheduling order in this case.[1] Pertinent to

---

[1]Because this case is the subject of several prior opinions, *see, e.g., Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F.Supp.2d 611 (N.D. Tex. 2013) (Fitzwater, C.J.), the court will focus on the background facts and procedural history pertinent to these motions.

Steve's motion, the court set February 28, 2013 as the deadline for a party to file a motion for leave to join other parties, and July 1, 2013 as the deadline for a party to file a motion for leave to amend pleadings. Relevant to Conceal City's motion, the court set August 16, 2013 as the deadline for a party with the burden of proof on a claim or defense to designate expert witnesses and otherwise comply with Fed. R. Civ. P. 26(a)(2), September 20, 2013 as the deadline for a party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" to designate expert witnesses and otherwise comply with Rule 26(a)(2), and November 22, 2013 as the deadline for the parties to complete discovery and file a joint status report. Jan. 9, 2013 Order 2.

On July 1, 2013 Steve filed his motion for leave to file an amended answer and counterclaim. In the proposed counterclaim, he alleges counterclaims for appropriation of name and likeness, business disparagement, tortious interference with existing contracts, tortious interference with prospective business relations, and civil conspiracy against Conceal City, and he seeks to add the Crowells as counterdefendants. Steve maintains that the February 28, 2013 deadline for a party to file a motion for leave to join other parties governs the joinder of parties to claims that have already been asserted, not the joinder of parties to claims that had not been pleaded prior to the July 1, 2013 deadline for a party to file a motion for leave to amend pleadings. Alternatively, Steve asserts that the scheduling order is ambiguous. He also posits that he could not have complied with the scheduling order because he did not discover that he had a cause of action for appropriation of name and

likeness against Conceal City and the Crowells until this case was mediated on June 5, 2013. He maintains that, lacking relevant legal experience, he did not even know to investigate such a possibility.

Conceal City opposes Steve's motion, contending that the proposed counterclaims against the Crowells are untimely under the scheduling order. Conceal City also argues that the proposed counterclaims assert materially different claims than are now at issue, and that allowing Steve to add the counterclaims will prejudice Conceal City.

On August 14, 2013 Conceal City filed its motion to amend scheduling order. It requests that the court set October 16, 2013 as the expert designation deadline, November 20, 2013 as the rebuttal expert designation deadline, and January 22, 2014 as the deadline for parties to complete discovery and file a joint status report. Conceal City maintains that this relief is warranted because, after the court issued its claim construction, Conceal City discovered that a work-around holster was being manufactured and marketed. Conceal City contends that the parties' failure to settle through mediation, their addition of claims, and Steve's attempted addition of parties should affect the current deadlines, and that Conceal City needs additional time to complete preparation, experts, and discovery to properly prepare for trial. Conceal City also posits that the requested changes to the scheduling order leave unchanged the foundational deadlines, such as the summary judgment motion deadline and the trial setting. It contends that the "reasonable request" standard of Rule 6(b) governs the motion. P. Mot. to Amend 3.

Defendants oppose the motion, contending that Conceal City is basing the motion on

the wrong rule and standard and that Conceal City has failed to demonstrate good cause to amend the scheduling order because it has not established that it exercised due diligence in attempting to meet the scheduling order deadlines or that it was unable to meet the deadlines despite exercising due diligence.

II

The court turns first to Steve's motion for leave to file an amended answer and counterclaim.

A

Rule 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties." The Rules are clear that a party must seek leave to join other parties by the deadline set by the court. The deadline to join a party controls regardless of whether a particular claim is pending at the time.[2]

When a motion for leave to join parties or to amend the pleadings is filed after the court-ordered deadline, the court must first decide whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*,

---

[2]So far as the court can recall, no litigant has ever asserted that the scheduling order is ambiguous with respect to the deadline for joining a party, or has made an argument that is the same or similar to the one Steve now advances. It is not atypical for a scheduling order to require the joinder of parties relatively early in the litigation and to set a later deadline for seeking leave to amend the pleadings. This sequencing enables the original parties to bring into the case—before undertaking more extensive proceedings—all others who should be made parties. Yet it permits the pleadings to be amended after the completion of pretrial proceedings, such as discovery, that may impact the pleadings.

1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). When the motion is for leave to amend the pleadings, the movant must satisfy the requirements of Rule 16(b)(4) before the court can consider whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." *See S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1. Because Steve's motion for leave to join the Crowells as counterdefendants was filed about four months after the deadline for the joinder of parties, Steve must satisfy Rule 16(b)(4) and demonstrate good cause for amending the scheduling order.

The court assesses four factors when deciding whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

1

The court first considers Steve's explanation for failing to move by the court-ordered deadline for leave to join the Crowells as counterdefendants concerning his counterclaims for business disparagement, tortious interference with existing contract, tortious interference

with prospective business relations, and civil conspiracy (related to these substantive claims). Steve offers no explanation for failing to bring these claims until after the deadline for moving for leave to join parties.[3] He alleges in his proposed counterclaim that, "since [he] has returned to the gun holster business, [the Crowells] and/or CONCEAL have made various disparaging statements regarding [his] economic interests." D. Mot. for Leave Ex. 1 at 11.[4] Even assuming that some of the four factors weigh in favor of amending the scheduling order, the court in its discretion can decline to amend the scheduling order when the party seeking the amendment offers no explanation for his failure to meet a deadline. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (affirming denial of motion to amend where movant "offered no explanation for her untimely request").

2

Under the second factor, the court considers the importance of the amendment. The court concludes that joining the Crowells as parties is important because Steve seeks to bring claims against them that he will not otherwise be able to assert.

---

[3]To the extent Steve seeks to explain his untimeliness based on a perceived ambiguity in the scheduling order, the court deems this explanation insufficient for the reasons explained above.

[4]Steve cites an exhibit to his motion for leave rather than an appendix. N.D. Tex. Civ. R. 7.1(i)(1) provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix." The court has converted the exhibit to an appendix in deciding this motion.

3

Under the third factor, the court considers the potential for prejudice if the court permits Steve to join the Crowells. Because Steve seeks to join parties dismissed from this action more than two years ago, the court concludes that the third factor weighs against granting the motion. Were the Crowells now added to this suit, they would lack sufficient time to hire counsel, conduct discovery, and prepare for trial. The court therefore finds that the Crowells would be substantially prejudiced were they now added as parties.

4

Under the fourth factor, the court considers the availability of a continuance to cure prejudice. Although the court could address prejudice to the Crowells by continuing the scheduling order deadlines and the trial date, such a continuance would prejudice Conceal City, who is seeking to get to trial on its action against defendants.[5]

5

Assessing the four factors holistically, the court concludes that Steve has not shown good cause to amend the scheduling order so that he can add the Crowells as counterdefendants and bring counterclaims against them for business disparagement, tortious interference with existing contract, tortious interference with prospective business relations, and civil conspiracy (related to these substantive claims).

---

[5]Although the court's analysis of this factor might otherwise be influenced by Conceal City's separate motion to amend some of the deadlines in the scheduling order, defendants oppose that motion, and the court is today denying it without prejudice.

C

The court next considers whether Steve has demonstrated good cause to amend the scheduling order to join the Crowells as counterdefendants concerning his counterclaim for appropriation of name and likeness (and civil conspiracy related to this substantive claim).

1

The court turns first to Steve's explanation. Steve alleges that, at some point after he left the gun holster business in 2007, the Crowells began displaying his image and likeness on two commercial websites without his permission. He maintains that his counsel did not inform him until June 5, 2013 that the unauthorized use of his name and/or likeness was an actionable violation of his rights. Steve posits that, once he learned that he had potential claims for appropriation, he moved quickly to diligently investigate and bring the claims.

Steve's allegations suggest that he was aware of the facts underlying his counterclaims before June 5, 2013, but that he did not know these facts could give rise to legal claims until that date. Lack of knowledge regarding the law or civil procedure, whether by litigants or their counsel, does not constitute good cause to amend a scheduling order. *See, e.g., Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (holding that district court did not abuse its discretion in denying leave to amend where Rule 16(b) good cause standard applied and, *inter alia*, moving party misunderstood the law); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (holding that district court's decision to strike late expert designation and preclude expert testimony was not abuse of discretion where, *inter alia*, counsel misunderstood pretrial order and application of local rule); *Slocum v.*

*Livingston*, 2012 WL 2088953, at *15 (S.D. Tex. June 8, 2012) (applying four-factor test and finding, *inter alia*, that plaintiff failed to demonstrate good cause to amend scheduling order to allow amended pleading where there was no reason plaintiff and her counsel did not know under well-established law that they could bring claims that they sought to add). And the court can deny a motion to amend the scheduling order if the movant "knows or should have known of the facts upon which the proposed amendment is based." *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citation omitted). The court finds that Steve's explanation for his failure to join the Crowells concerning his counterclaim for appropriation of name and likeness (and civil conspiracy related to this substantive claim) is inadequate.

2

The second factor considers the importance of the request for joinder. Although Steve does not adequately articulate the importance of the proposed joinder, the court concludes that joining the Crowells is important because Steve seeks to bring claims against them that he will not otherwise be able to assert. Steve requests leave to add counterclaims regarding tortious conduct possibly committed before the formation of Conceal City. Thus bringing suit against the Crowells might allow him to recover damages unavailable in a suit against Conceal City alone.

3

For the reasons explained *supra* at § II(B)(3), the court concludes that the Crowells would be substantially prejudiced were they added to this action at this time.

4

For the reasons explained *supra* at § II(B)(4), the court concludes that the fourth factor weighs against granting the motion.

5

Assessing these four factors holistically, the court holds that Steve has not shown good cause for failing to join the Crowells as parties before the deadline. For this reason, the court denies Steve's request for leave to file counterclaims against the Crowells alleging claims for appropriation of name and likeness, and for civil conspiracy (related to this substantive claim).

III

A

Steve also moves to amend to bring counterclaims against Conceal City. Conceal City opposes the motion, contending that Steve should not be allowed to add these counterclaims because they allege materially different causes of action and because Conceal City will not be able to meet the current scheduling deadlines. Steve replies that the proposed counterclaims are integrally related to his present claims because they arise from the same transactions, and that Conceal City will not be prejudiced.

B

Under Rule 13(a)(1),

> [a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim… arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and …does not require adding another party over whom the court cannot acquire jurisdiction.

The relevant test for determining whether a counterclaim is compulsory is whether "it bears a 'logical relationship' to an opposing party's claim." *Sw. Realty, Ltd. v. Daseke*, 1992 WL 373166, at *4 (N.D. Tex. May 21, 1992) (Fitzwater, J.) (quoting *Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970)).

> [A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.

*Id.*

The court concludes that Steve's counterclaims against Conceal City are compulsory. A separate trial on each of Steve's claims "would involve a substantial duplication of effort and time by the parties and the courts." *Id.* Additionally, Steve's counterclaims may be described as "offshoots of the same basic controversy between the parties." *Id.*

Steve's motion for leave to amend as to Conceal City pertains to an entity that is

already a party to the case. Therefore, the scheduling order deadline that controls is the July 1, 2013 deadline for a party to file a motion for leave to amend pleadings, not the February 28, 2013 deadline for a party to file a motion for leave to join other parties. Because Steve filed his motion to amend by the July 1, 2013 court-ordered deadline, there is a "presumption of timeliness." *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (internal quotation marks omitted) (quoting *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). Nothing in the record persuades the court that the motion was untimely.[6] Additionally, Conceal City has failed to show undue prejudice if the court grants leave to amend.

Accordingly, the court grants Steve's motion for leave to amend his answer and to file counterclaim to the extent he seeks to do so against Conceal City. He must file his amended answer and counterclaim within seven days of the date this memorandum opinion and order is filed.

IV

The court now turns to Conceal City's motion to amend the scheduling order.

A

Conceal City moves to extend by 60 days the deadlines for expert designations, completing discovery, and filing a status report. Relying on the court's authority under Rule

---

[6]Because the motion was filed by the court-ordered deadline, Steve is not required to satisfy the good cause standard of Rule 16(b)(4).

6(b) to extend the time to do an act and the "reasonable request" standard, Conceal City maintains that it needs additional time to complete these items as dictated by the court's ruling on Conceal City's pending motion to add an infringement-by-equivalents claim (which the court granted on October 4, 2013). Conceal City posits that, after the court issued its claim construction, Conceal City discovered that defendants were manufacturing and marketing a work-around holster. It contends that, after the parties failed to settle the case in mediation, both sides sought leave to add claims and Steve moved to join additional parties, and that the disposition of these motions will bear on the pretrial discovery and expert witness designations. It further contends that it needs additional time to complete its expert designations and discovery, and to properly prepare for trial, given that the case could not be settled.

Defendants oppose the motion. First, they correctly point out that Conceal City's motion is brought under the wrong rule and standard. Second, defendants maintain that Conceal City has failed to demonstrate good cause because it has not established that it exercised due diligence in attempting to meet the scheduling order deadlines or that it was unable to meet the deadlines despite exercising due diligence. Defendants argue that the failure to demonstrate diligence and to show that it could not have met the deadlines despite such diligence is alone a sufficient basis to deny the motion. They contend that Conceal City's reliance on the discovery of a work-around holster and the unsuccessful mediation is insufficient to establish due diligence or the inability to comply with the scheduling order deadlines.

Conceal City has not filed a reply brief that addresses defendants' opposition arguments.

B

Because Conceal City's motion is based on Rule 6(b) and the "reasonable request" standard, it has not addressed the nonexclusive, multifactor test that courts in this circuit apply when determining whether a movant has shown good cause under Rule 16(b)(4) to amend a scheduling order. And because Conceal City has not filed a reply brief, it has not addressed the deficiencies that defendants point out in their opposition response.

Accordingly, the court denies without prejudice Conceal City's motion to amend scheduling order.

\* \* \*

Steve's July 1, 2013 motion for leave to file amended answer and counterclaim is granted in part and denied in part. Conceal City's August 14, 2013 motion to amend scheduling order is denied without prejudice.

**SO ORDERED**.

October 28, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE